[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 1, 2010
JOHN LEY
CLERK

No. 09-16377
Non-Argument Calendar

_____

D. C. Docket No. 09-00390-CR-T-26MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRIQUE LUIS GOMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 1, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Henrique Luis Gomes received a bottom-of the-Guidelines 70-month

sentence after pleading guilty to reentry of a deported alien, in violation of

8 U.S.C. § 1326(a) & (b)(2), and unlawful entry by an alien, in violation of

8 U.S.C. §§ 1325(a)(1) & 1329.  Gomes argues that his sentence was both

procedurally and substantively unreasonable because the district court placed

undue weight on the need to avoid sentencing disparities among defendants, one of

the 18 U.S.C. § 3553(a) factors.  After review of the record and careful

consideration of the parties' briefs, we affirm.

The district court did not abuse its discretion by imposing a 70-month

sentence and by denying Gomes's request for a downward variance.[1]  Although the

district court emphasized the need to avoid unwarranted sentencing disparities, it

did not do so "single-mindedly" to the detriment of the other § 3553(a) factors.  *See*

*United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (holding that a

district court's "single-minded[]" focus on one sentencing factor to the exclusion

of the others resulted in an unreasonable sentence).  Instead, the district court

imposed a sentence that was supported by the record and that met the goals set

---

[1] We review the reasonableness of a district court's sentence under a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007).

forth by 18 U.S.C. § 3553(a).  That the district court emphasized one particular sentencing factor does not indicate that it failed

 to consider the others.  *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotations and alteration omitted).); *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) ("[W]hen the district court considers the factors of section 3553(a), it need not discuss each of them.").

Gomes has not carried his burden of demonstrating that his sentence was either procedurally or substantively unreasonable.[2]  Accordingly, we affirm.

**AFFIRMED.**

---

[2] "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).